**Petition for Writ of Mandamus Conditionally Granted and Opinion filed March 24, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00128-CR

---

### IN RE DANIEL LEGER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 964377**

---

## OPINION

On February 7, 2020, relator Daniel Leger filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Frank Aguilar, presiding judge of the 228th District Court of Harris County, to enter an order

dismissing the charges against relator after relator was discharged from deferred adjudication community supervision. We conditionally grant the petition.

## BACKGROUND

On December 8, 2003, pursuant to a plea agreement, relator pled guilty, to the offense of unauthorized use of a motor vehicle. In accordance with the plea agreement, the State recommended that the trial court defer a finding of guilt, place relator on deferred adjudication for two years, assess a $500.00 fine, order relator to pay $470.37 in restitution to the complainant, and impose other conditions of community supervision. The trial court accepted relator's guilty plea and entered an order deferring adjudication of guilt in accordance with the terms of the plea agreement.

On December 8, 2005, at the expiration of the full term of community supervision, the trial court found that relator had "unsatisfactorily fulfilled the conditions of supervision imposed by the court for the full term of the supervision period to which he . . . was sentenced." Nevertheless, the trial court signed the order terminating relator's term of deferred adjudication and discharging relator from community supervision.

On November 1, 2019, relator filed his request for an order of dismissal of the underlying criminal charges against him. During a hearing on November 11, 2019, relator presented his memorandum of law concerning his request for an order of dismissal, and the trial court took the request under advisement. On December 30, 2019, relator filed a request for a ruling on his motion with the trial court.

2

After the trial court failed to rule on relator's motion to dismiss the underlying charges, relator filed this original proceeding, asking this court to compel the trial court to dismiss the charges against him.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A ministerial act does not involve the use of judicial discretion; instead, a ministerial act must be positively commanded and so plainly prescribed under the law as to be free from doubt. *In re Harris*, 491S.W.3d 332, 334–34 (Tex. Crim. App. 2016) (orig. proceeding). In other words, the relator must have a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding) (internal quotations marks and citation omitted). "To show a clear right to the relief sought, a relator must show that the facts and circumstances of the case dictate but one rational decision under unequivocal, well-settled . . . and clearly controlling legal principles." *Id.* As to an adequate remedy at law, even if a relator has a remedy at law, the relator "can show that no *adequate* legal remedy exists at law if the remedy is so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Id.*

## ANALYSIS

Relator contends that the trial court has a ministerial duty to dismiss the proceedings and discharge him because he completed his period of deferred adjudication. The Texas Code of Criminal procedure provides:

> On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge **shall dismiss the proceedings against the defendant and discharge him**.[1]

Under the mandatory language of this provision, a trial court has a ministerial duty to dismiss the underlying criminal charges against a defendant upon completion of his term of deferred adjudication community supervision. *In re Ruckman*, No. 11-18-00216-CR, 2018 WL 4623806, at *1 (Tex. App.—Eastland) (mem. op., not designated for publication), *mand. conditionally granted*, *In re Ruckman*, No. WR-90-175-01, 2019 WL 4316836 (Tex. Crim. App. Sept. 11, 2019) (not designated for publication).

The act of dismissing the underlying criminal charges against relator is positively commanded and so plainly prescribed under the law as to be free of doubt. *See Harris*, 491 S.W.3d at 334–34. Therefore, the trial court has no discretion but to dismiss the underlying criminal charges against relator, and relator has shown that the trial court had a ministerial duty to act.

Relator has also shown that he does not have an adequate remedy at law. In *Ruckman*, the relator sought mandamus relief because the trial court did not dismiss

---

[1] Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 1, 1997 Tex. Gen. Laws 2250 (emphasis added). The language of the current version of this provision is nearly identical. *See* Tex. Code Crim. Proc. art. 42A.111(a).

4

the proceedings and failed to discharge the relator after he had successfully completed his term of deferred adjudication community supervision. 2018 WL 4623896, at *1. Although the court of appeals agreed that the relator had shown that the acts of dismissing the charges against the relator and discharging the relator were ministerial, the court denied relator's petition, holding that the relator had an adequate remedy at law because a writ of habeas corpus was available to the relator. *Id.*

The relator then sought mandamus relief in the Court of Criminal Appeals. *Ruckman*, 2019 WL 4316836 at *1. The court did not address either prong necessary for mandamus relief, but instead conditionally granted the relator's petition and ordered the trial court to dismiss the proceedings and discharge the relator. *Id.* Following the Court of Criminal Appeals' implied holding, relator has shown that he does not have an adequate remedy at law.

Having concluded that relator has established that the trial court had a ministerial duty to dismiss the charges against relator upon completion of his deferred adjudication community supervision and that he does not have an adequate remedy at law, we conditionally grant relator's petition for writ of mandamus and order the trial court to dismiss the charges against relator. The writ will issue only if the trial court fails to comply with this opinion.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.
Publish — Tex. R. App. P. 47.2(b).

5